UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUC NGUYEN,

    Petitioner,

v.

JOE BARRETT,

    Respondent.

Case No. 2:17-11294
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING MOTION FOR RELIEF FOR CONDITONAL GRANT OF WRIT OF HABEAS CORPUS [27]**

---

The Court conditionally granted Duc Nguyen's petition for a writ of habeas corpus on October 1, 2020 and ordered Nguyen's release unless the state initiated sentencing proceedings within 180 days from the date of the opinion. (ECF No. 12, PageID.1396–1397.) Nguyen now files a motion for relief, seeking an unconditional writ on the ground that the State of Michigan failed to resentence him within the 180-day period. (ECF No. 27, PageID.1461.) For the reasons that follow, the motion is denied.

On October 1, 2020, this Court conditionally granted habeas relief to Petitioner Nguyen, on his Sixth Amendment sentencing claim under *Alleyne v. United States*, 570 U.S. 99 (2013) and *Robinson v. Woods*, 901 F.3d 710, 718 (6th Cir. 2018). (ECF No 12, PageID.1377, 1396–1397). This Court "remand[ed] the case to the state sentencing court for proceedings consistent with this opinion and the United States Constitution," and indicated that this Court would "order Nguyen's release unless the state initiates such sentencing proceedings within 180 days from the date of this opinion." (*Id.* at PageID.1396–1397). Based on this order, the deadline for the state to initiate resentencing was March 30, 2021. After both this Court and the United States Court of Appeals

1

for the Sixth Circuit denied the government's motion for a stay (ECF Nos. 23, 25), the government submitted a certificate of compliance on March 30, 2021 (ECF No. 26, PageID.1449).

The government's certificate of compliance states that: 1) on March 8, 2021, the state trial court issued a notice for a status conference to be held on March 17, 2021, at 8:30 a.m. (*id.* at PageID.1450; ECF No. 26-1); 2) the state trial court judge appointed counsel for Nguyen on March 9, 2021 (ECF No. 26, PageID.1450); and 3) Nguyen was scheduled for resentencing on April 1, 2021, at 2:00 p.m. via Zoom (*id.*). The resentencing ultimately took place on April 1, 2021 before Judge Stephen Carras of the 42nd Judicial Circuit Court. (*See* ECF No. 28, PageID.1473.)

A district court that grants a conditional writ of habeas corpus retains jurisdiction to execute a lawful judgment which grants a writ of habeas corpus when it becomes necessary. *See Gentry v. Deuth,* 456 F.3d 687, 692 (6th Cir. 2006). If the respondent meets the terms of the habeas court's conditional grant, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter. *Id.* But when the state fails to comply with the conditions of the conditional writ, the petitioner must be released from custody. *See Satterlee v. Wolfenbarger,* 453 F.3d 362, 369 (6th Cir. 2006). However, "*Satterlee* does not require immediate release in all cases where a term of the conditional writ was not performed precisely as ordered." *McKitrick v. Jeffreys*, 255 F. App'x 74, 76 (6th Cir. 2007). A district court may make exceptions when the state has "substantially complied" with the terms of the order. *Id.*; *see also Ward v. Wolfenbarger,* 342 F. App'x 134, 137 (6th Cir. 2009).

The Court denies Nguyen's motion for an unconditional writ because the State of Michigan substantially complied with the terms of the conditional writ. The trial court judge scheduled a status conference and appointed counsel for Nguyen before the March 30 deadline. And resentencing was scheduled for and conducted on April 1, 2021, just two days after the grant

2

deadline. This was substantial compliance. *See McKitrick* , 255 F. App'x at 77 (holding that state substantially complied with terms of conditional writ of habeas corpus requiring state prisoner to be resentenced within 90 days, and thus release from state custody was not warranted, where counsel was appointed and a hearing date was set well within the 90-day time frame, but a continuance resulted in the imposition of a new sentence 91 days after the district court's order).

Thus, Nguyen's motion for relief (ECF No. 27) is DENIED.

SO ORDERED.

Dated: April 28, 2021

                                                    s/Laurie J. Michelson
                                                    LAURIE J. MICHELSON
                                                    UNITED STATES DISTRICT JUDGE